UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GUADALUPE AGUILERA,
on behalf of himself and others
similarly situated,

    Plaintiffs,

v.

MICHIGAN TURKEY PRODUCERS
COOPERATIVE, INC., MICHIGAN
TURKEY PRODUCERS, LLC, and
DAN LENNON,

    Defendants.
_____/

CASE NO. 1:09-CV-420

HON. ROBERT J. JONKER

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss State Law Claims (docket # 18). The motion seeks dismissal under Rule 12(b)(6) for failure to state a claim, but the supporting papers also seek, in the alternative, a discretionary dismissal under 28 U.S.C. § 1367 (docket # 19 at n.10). The matter is fully briefed, and the Court does not believe oral argument will assist in the decision-making because the Court has determined, in its discretion, not to exercise supplemental jurisdiction over the state law claims. This will result in dismissal, without prejudice, of Counts II, III and IV of the Complaint, termination of any basis for maintenance of this matter as a class action, and continuation of the case in this Court as an FLSA collective action.

Plaintiff brings one claim under federal law, alleging violations of the Fair Labor Standards Act, 29 U.S.C. 201 et seq. (the "FLSA"), and three claims under Michigan law, alleging breach of contract, unjust enrichment, and violations of the Michigan Minimum Wage Law, MICH. COMP. L.

§ 408.381 et seq. (the "MMWL") (Compl., docket # 1, ¶¶ 50-71). Each claim concerns a dispute regarding what, if any, compensation is due Plaintiff and similarly situated individuals for time spent "donning and doffing" protective gear and waiting in line for the first and last turkeys to process in connection with their employment at a turkey processing plant. (Compl., docket # 1, ¶ 1.) Plaintiff brings collective action allegations under the FLSA and estimates the potential number of participants at over five hundred individuals. (Compl., docket # 1, ¶¶ 27-30.) Plaintiff also brings class action allegations under FED. R. CIV. P. 23 regarding his state law claims. (Compl., docket # 1, ¶¶ 31-35.)

The Court has original jurisdiction over Plaintiff's claim under the FLSA. 28 U.S.C. § 1331. In addition, the Court has discretion to exercise supplemental jurisdiction over the state law claims in this case. 28 U.S.C. § 1367. Supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (quoting *Gibbs*, 383 U.S. at 726). "A district court has broad discretion in determining whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Express Corporation*, 89 F.3d 1244, 1254 (6th Cir. 1996) (amended Jan. 15, 1998) (citing *Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)). In determining whether to exercise supplemental jurisdiction, courts are to consider the "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *City of Chicago*, 522 U.S. at 172-73 (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *accord Musson*, 89 F.3d at 1254. "[T]he statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." *Id.* at 173.

In this case, the Court has supplemental jurisdiction under § 1367(a), but the Court elects not to exercise that jurisdiction. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

This case implicates all but one of the 28 U.S.C. § 1367(c) factors supporting a decision to decline supplemental jurisdiction over state law claims.

Plaintiff's claim under the MMWL raises a novel issue of Michigan law. The parties dispute the interpretation and impact of an October 1, 2006 amendment to Section 14 of the MMWL. (Br. in Support of Def.s' Mot. to Dismiss State Law Claims and to Strike Class Action Allegations, docket # 19, 7-9; Pl.'s Mem. in Opp. to Def.s' Mot., docket # 25, 7-10.) Each party's interpretation of Section 14 is central to its theory of the MMWL claim or defense. Neither counsel nor the Court has found a Michigan case resolving the questions of interpretation and application of Section 14 raised here. Principles of comity suggest that the Court avoid needlessly deciding this issue of state law. *See, e.g., Gibbs*, 383 U.S. at 726 (federal courts should avoid unnecessarily deciding issues of state law). 28 U.S.C. § 1367(c)(1).

Further, the state law claims as pleaded have the potential to substantially predominate in this case. State law claims may predominate "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." *Gibbs*, 383 U.S. at 726. Plaintiff's breach of contract and unjust enrichment claims will require substantial proofs different from its FLSA claim. Few,

3

if any, of the proofs required for the breach of contract and unjust enrichment claims overlap with those required for the FLSA claim. Moreover, the procedural mechanisms for a collective action under the FLSA and a class action for the state law claims under FED. R. CIV. P. 23 differ fundamentally. In particular, the FLSA establishes an opt-in mechanism for collective action, 29 U.S.C. § 216(b), while FED. R. CIV. P. 23 calls for an opt-out mechanism for class action. Courts have described the opt-in and opt-out provisions "opposite," indeed "inherently incompatible." *Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 424 (D.C. Cir. 2006); *Woodard v. FedEx Freight East*, 250 F.R.D. 178, 182 (M.D. Pa. 2008). Managing a class action under a state law theory, and a collective action under federal law with divergent procedural postures would place administrative demands on the Court and create the possibility of confusion among potential collective action participants and potential class members. Whether viewed as another way in which state claims predominate, or as an exceptional circumstance, the difference between the opt-in and opt-out mechanisms, and the demands the difference would place on the litigants as well as the Court, strengthen the Court's decision to decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(2), (4).

Based on its consideration of the 28 U.S.C. § 1367(c) factors, as well as principles of economy, convenience, fairness, and comity, the Court declines to exercise supplemental jurisdiction over the state law claims in this case.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendants' Motion to Dismiss State Law Claims and to Strike Class Action Allegations (docket # 18) is **GRANTED** only to the extent provided in this opinion and order, and **DISMISSED AS MOOT** in all other respects;

2. Counts II, III and IV of the Complaint are **DISMISSED WITHOUT PREJUDICE**;

3. This action will proceed under the FLSA only, including any applicable FLSA provisions for collective action, but not as a class action under FED. R. CIV. P. 23; and

4. The hearing scheduled for **October 30, 2009 is cancelled.**


Dated:   October 28, 2009              /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE